**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CLINTON AGBOR,**

                              **CASE NO. 2:15-CV-02236**

      **Petitioner,**                  **JUDGE GREGORY L. FROST**

                                **Magistrate Judge Elizabeth P. Deavers**

      **v.**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, Respondent's *Reply*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 8) be **GRANTED**, and that this action be dismissed without prejudice as unexhausted.

### Facts and Procedural History

This case involves Petitioner's guilty plea in the Franklin County Court in several criminal cases. On May 29, 2014, Petitioner pleaded guilty to aggravated burglary, with a firearm specification and aggravated robbery in Case No. 12 CR 3699. (ECF No. 8-1, PageID# 121.) The trial court imposed an aggregate term of six years of incarceration pursuant to the joint recommendation of the parties, such sentence to be served consecutively to Petitioner's sentences in his other criminal cases. (PageID# 124.) On that same date, Petitioner pleaded guilty to two counts of aggravated robbery with a firearm specification and one count of

kidnapping in Case No. 13 CR 1552. The trial court imposed an aggregate term of twelve years of incarceration, such sentence to be served consecutively to the sentences imposed in his other criminal cases. (PageID# 131.) Finally, Petitioner also pleaded guilty to five counts of aggravated robbery and one count of kidnapping in Case No. 13 CR 2537. The trial court imposed an aggregate term of six years incarceration, such sentence to be served consecutively the sentences imposed in his other criminal cases. (PageID# 138.)

Petitioner did not pursue an appeal.

On May 27, 2015, however, through counsel, Petitioner filed petitions for post-conviction relief in all three of his criminal cases. He asserted that he had been improperly permitted to enter a guilty plea where DNA evidence indicated he was not the perpetrator as to two of the alleged victims, and where he had an alibi to the charged offenses. Petitioner also asserted that he had been denied the effective assistance of counsel. (PageID# 142-47.) Petitioner raised similar allegations in all of his criminal cases. (PageID# 149-159.)

On that same day he filed the petitions for post-conviction relief in the state court, Petitioner filed the instant *Petition* pursuant to 28 U.S.C. § 2254. He asserts that he was forced to plead guilty to crimes he did not commit and that he was denied the effective assistance of counsel. It is the position of the Respondent that this action must be dismissed without prejudice as unexhausted. Petitioner opposes Respondent's *Motion to Dismiss* and requests a stay of proceedings pending exhaustion.

### Exhaustion

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a

claim by any available procedure, he has not exhausted that claim.  28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Petitioner's claims remain unexhausted because he raised these same claims in his petitions for post-conviction relief, which remain pending in the state court.  Petitioner argues, however, that dismissal of this case is not appropriate under the authority of *Rhines v. Weber,* 544 U.S. 269 (2005) (holding that stay pending exhaustion may be appropriate under certain circumstances).   In response, Respondent indicates that it does not appear that statute of limitations likely will bar Petitioner from re-filing his *Petition,* and that this case does not present a mixed petition as contemplated under *Rhines.*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, where the one-year statute of limitations may bar a petitioner who presents a "mixed petition," that is, exhausted and unexhausted claims, from re-filing his habeas corpus petition, the Court may stay the case pending exhaustion in certain limited circumstances.  The Court must determine that good cause exists for the petitioner's failure to exhaust his claims first in the state courts. *Rhines*, 544 U.S. at 277.  "Moreover, even if a petitioner had good cause for that failure the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Id.* (citation omitted).  "On the other hand, it likely would be an

abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

It does not appear that *Rhines* applies to the scenario in this case because Petitioner does not present a "mixed" petition, *i.e*., one containing both exhausted and unexhausted claims, for this Court's review.

> Some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. See, *e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D. N.Y. 2004) (and cases cited therein); *Robinson v. Gidley*, No. 2:15cv10572, 2015 WL 1120118, at *2 (E.D. Mich. Mar.11, 2015) (and numerous cases cited therein); *Taylor v. Kelly,* No. 1:13cv2577, 2014 WL 4436595, at *1, *9 (N.D. Ohio Sept.9, 2014) (and numerous cases cited therein); *Secessions v. Warden, Lebanon Corr. Inst.,* No. 5:13cv195, 2014 WL 2919186, at *1, *5 (N.D. Ohio June 27, 2014); *Gatlin v. Clipper*, No. 5:13cv2434, 2014 WL 2743208, at *2, *5 (N.D. Ohio June 17, 2014) (and cases cited therein); *Warren v. Warren,* No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec.17, 2012) (King, M.J.) (Report & Recommendation), adopted, 2013 WL 80362 (S.D. Ohio Jan.27, 2013) (Graham, J.); *Mimms, supra*, 2009 WL 890509, at *3. But cf. *Doe v. Jones*, 762 F.3d 1174, 1176–81 (10th Cir. 2014) (holding that the district court had "discretion to consider a *Rhines* stay even though petitioner filed an unmixed petition" in a case where the petitioner had "little chance of exhausting [his] claims in state court and returning to federal court before the limitations period" expired), cert. denied, ––U.S. ––, 135 S.Ct. 1424, 191 L.Ed.2d 386 (2015); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing

requirements"); *Hyman v. Keller*, No. 106652, 2011 WL 3489092, at *10–11 (4th Cir. Aug. 10, 2011) (same); *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006) (vacating the dismissal of a habeas petition containing only unexhausted claims and remanding with instructions to consider whether a stay was warranted in case where any future habeas petition would be time-barred). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp. 2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also United States v. Hickman,* 191 F. App'x 756, 757 (10th Cir. 2006) (denying certificate of appealability in case where the petition containing only unexhausted claims was dismissed rather than stayed).

*Peterson v. Warden, Pickaway Corr. Inst.,* No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015) (declining to resolve the issue "because there appears to be a conflict among the circuit courts and it does not appear that the Sixth Circuit has weighed in on the issue[.]"); *see also Gaitlin v. Clipper*, No. 5:13CV2434, 2014 WL 2743208, at *2 (N.D. Ohio June 17, 2014) (holding that stay and abeyance procedure does not apply where the petitioner does not present a mixed petition) (citing *Witherspoon v. Howes*, 1:07–CV–981, 2008 WL 3833751 *2 (W.D. Mich. Aug. 13, 2008); *Draheim v. Harry*, No. 1:05–cv–587, 2005 WL 2758089 at *3 (W.D. Mich. Oct.25, 2005)).

Further, it does not appear that the one-year statute of limitations will likely bar Petitioner from re-filing this habeas corpus petition upon exhaustion of state court remedies.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, pursuant to the terms of 28 U.S.C. § 2244(d)(1), Petitioner's conviction became final on June 30, 2014, thirty days after the state appellate court's May 29, 2014, imposition of

sentence, when the time period expired to file a timely appeal.[1]  *See Davidson v. Warden*, No. 14-cv-00115, 2015 WL 5245751, at *2 (S.D. Ohio Sept. 9, 2015) (citing *Atkinson v. Warden, Chillicothe Corr. Inst.*, No. 2:14-cv-230, 2015 WL 3743016, at *2 (S.D. Ohio June 15, 2015); *Groves v. Ohio Adult Parole Authority*, No. 1:10-cv-735, 2011 WL 5005992, at *2 (S.D. Ohio Sept. 26, 2011); Ohio R. App. P. 4(A); *Hale v. Warden, London Corr. Inst.*, No. 1:05cv213, 2006 WL 3230856, at *8 (S.D. Ohio Nov. 6, 2006)).   The statute of limitations began to run on the following day, and would have expired one year later, on July 1, 2015.   Prior to that time, however, on May 27, 2015, Petitioner filed his petitions for post-conviction relief.   A properly filed application for state post-conviction relief will toll the running of the statute of limitations the time period during which it remains pending.  28 U.S.C. § 2244(d)(2).

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court interpreted the "properly filed" language in AEDPA's tolling provision, holding as follows:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. See, e.g., United States v. Lombardo, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Black's Law Dictionary 642 (7th ed. 1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record").   And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.   These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee....   But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

---

[1] Respondent notes that the thirty day time period for filing an appeal fell on a Saturday – so Petitioner had until the Monday thereafter to file a timely appeal.

*Id.* at 8 (footnote and citation omitted). *Artuz* rejected the state's argument that an application for state post-conviction or other collateral relief is not "properly filed" for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review on the merits. *Id.* at 7. A post-conviction petition dismissed by the state courts as untimely, however, is not "properly filed" under § 2244(d)(2) and does not toll the running of the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Gorman v. Brunsman*, No. 1:03CV865-SJD, 2006 WL 1645066, at *7 (S.D. Ohio June 7, 2006) (citing *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771–72 (6th Cir. 2001)). On the other hand, a post-conviction petition denied as barred under Ohio's doctrine *res judicata* may toll the running of the statute of limitations. *See Liles v. Jeffries*, No. 3:06-CV-1917, 2008 WL 4812212, at *3 (N.D. Ohio Oct. 30, 2008) (the denial of a motion on the basis of *res judicata* has no bearing on whether the document is properly filed) (citing *Lucas v. Carter*, 46 F.Supp.2d 709, 712 (N.D. Ohio 2009)). As that Court also said,

> *Res judicata* has no bearing on whether the document was "properly filed." *Lilies v. Jeffries*, No. 3:06–CV–1917, 2008 WL 4812122, at *3 (N.D. Ohio Oct.30, 2008). The United States Supreme Court has found that an application may be properly filed to toll the habeas limitation period even if it contains procedurally barred claims. *Swingle v. Money*, 215 F.Supp.2nd 919, 922 (N.D. Ohio Aug.12, 2002) (citing *Artuz*, 513 U.S. at 8–9).

*Smith v. Smith*, No. 1:10-cv-1913, 2011 WL 3204584, at *5 (N.D. Ohio June 27, 2011).

Respondent does not argue, and it does not appear from the record, that Petitioner did not "properly file" his petitions for relief. Instead, the petitions appear to have been timely filed. O.R.C. § 2953.21(A)(2) requires that, where no appeal is taken, the petition must be filed no later

than three hundred sixty-five days after the expiration of the time for filing the appeal.  *Id.*[2]  That being the case, the statute of limitations will be tolled during the time that Petitioner's post-conviction actions remain pending.  Moreover, it does not appear that the statute of limitations necessarily will bar any future re-filling.

For all of these reasons, the Magistrate Judge concludes that a stay of proceedings pending exhaustion is not appropriate in this case.

### Proposed Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 8) be **GRANTED** and that this action be dismissed without prejudice as unexhausted.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report*

---

[2] The statute was amended effective March 23, 2015 to change the deadline for filing petitions for post-conviction relief from 180 days to 365 days.  *See State v. Jennison,* No. 2015-CA-003, 2015 WL 4741065, at *1 (Ohio Fifth App. Dist. Aug. 6, 2015).

*and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


                                                             _s/ Elizabeth A. Preston Deavers_
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge

Date:  February 16, 2016